IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYSHEED DAVIS,** <br> **Plaintiff** | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-4794** |
| **PHILADELPHIA OFFICE OF THE MAYOR, *et al.*,** <br> **Defendants** | : | |

**MEMORANDUM**

**PRATTER, J.** **DECEMBER 15, 2022**

Plaintiff Tysheed Davis, a convicted prisoner currently incarcerated at SCI Dallas, commenced this *pro se* civil action and seeks leave to proceed *in forma pauperis*.[1] For the following reasons, the Court will deny Mr. Davis leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) and require that he pay the full filing fee if he wishes to continue with his case.

## I. BACKGROUND

Mr. Davis initiated this matter expressly stating that he wants to be hired as a confidential informant so that he can assist the United States in prosecuting drug-related and other crimes.[2] (*See* Compl. at 3.) Apparently support his proposed efforts, he asks to be provided with "large amounts of cocaine and heroin," as well as money, a cellular phone, cars, clothing, jewelry, and

---

[1] The Complaint was entered on the docket on November 30, 2022. However, pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Mr. Davis's Complaint is dated November 24, 2022, which is the earliest date it could have been handed to prison authorities for mailing. (*See* ECF No. 2.)

[2] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

homes. (*Id.*) He names the following Defendants: Philadelphia Office of the Mayor; Philadelphia City Council; Philadelphia City Commission; Philadelphia Managing Directors Office; Philadelphia District Attorney's Office; Philadelphia City Controller's Office; Philadelphia Sheriff's Office; Philadelphia Police Department; Philadelphia Information Service Office; Chief Information Officer; Philadelphia Law Dept.; and Philadelphia Records Dept. (*Id.* at 1, 2.)

## II. STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted). But, as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the same economic disincentives to filing meritless cases that face other civil litigants," and thus the provision is susceptible to abuse. *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).[3]

"[I]n response to the tide of substantively meritless prisoner claims that have swamped the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman*

[3] In particular, the number of meritless claims brought *in forma pauperis* by prisoners grew "astronomically" from the 1970s to the 1990s, *id.* (quoting 141 Cong. Rec. S14408-01, S14413 (daily ed. Sept. 27, 1995) (statement of Sen. Dole)), and "[p]risoner litigation continues to account for an outsized share of filings in federal district courts." *Jones v. Bock*, 549 U.S. 199, 203 (2007) (internal quotation marks omitted). Data compiled by and available from the Clerk of this District reflects the same trend.

*v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Put more simply, under the PLRA, a prisoner with three prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious physical injury at the time he brings his case to court. Courts must consider a *pro se* prisoner's allegations of imminent danger "under our liberal pleading rules, construing all allegations in favor of the complainant." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

## III. DISCUSSION

The Court must determine whether Mr. Davis's prior filings in federal court were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and whether he has alleged that he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar*, 239 F.3d at 310-11. In particular, a "strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section 1915(g) . . . hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724-1725 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161 (3d Cir. 2017).

Mr. Davis has a documented history of litigating meritless claims in this District. *See Davis v. The City of Philadelphia Police Dept.*, Civ. A. No. 21-5701 (E.D. Pa.) (dismissing amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Davis v. In the United States District Court for the Eastern District of Pennsylvania*, Civ. A. No. 22-2477 (E.D. Pa.) (dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Davis v. Michael I. McDermott*, Civ. A. No. 22-0750 (E.D. Pa.) (dismissing amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). The Court concludes that each of these dismissals count as a strike against Mr. Davis for purposes of § 1915(g). Each was filed while Mr. Davis was incarcerated, and each was dismissed in its entirety for one of the reasons listed in § 1915(g). Accordingly, Mr. Davis may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he brought the present Complaint.

"Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted). A prisoner's allegation that he faced imminent danger in the past is "an insufficient basis to allow him to proceed *in forma pauperis*." *Ball*, 726 F.3d at 467. Practices that "may prove detrimental . . . over time," such as poor care for arthritis, also "do not represent imminent dangers," as the harm is not "about to occur at any moment." *Id.* at 468 (quoting *Abdul-Akbar*, 239 F.3d at 315) (internal quotation marks omitted). Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.*

Nothing in Mr. Davis's Complaint plausibly suggests that he is in imminent danger of serious physical injury, as required by § 1915(g). Rather, Mr. Davis seeks to be hired as a confidential informant ostensibly in order to assist the United States in criminal prosecutions. (*See* Compl. at 3-4.) There simply are no allegations that Mr. Davis was in imminent danger of

serious physical injury when he submitted the Complaint. Accordingly, Mr. Davis will be required to pay the full fees to commence this civil action if he wishes to proceed.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Mr. Davis's Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(g). Should Mr. Davis desire to litigate his claims, he must pay the full filing fee in advance. An appropriate order follows.

**BY THE COURT:**

**GENE E.K. PRATTER, J.**